# SUPREME COURT — APPELLATE DIVISION — SECOND DEPARTMENT.

September 29, 1916.

IN THE MATTER HARRY E. LEWIS, as District Attorney of Kings County, v. JAMES M. CARTER and Others.

(175 App. Div. 501.)

PAROLE OF CONVICTED DEFENDANT—PRIOR CRIME FOR WHICH SENTENCE WAS SUSPENDED—SUSPENDED SENTENCE ON PLEA OF GUILTY NOT EQUIVALENT TO CONVICTION.

Where sentence was suspended after the defendant's plea of guilty to a charge of felony, and the defendant is subsequently convicted upon his plea of guilty to another crime, and has been sentenced therefor to a definite term, the Board of Parole for State Prisons has power to parole the defendant in the custody of the agent and warden of a State's prison, to be held to answer certain outstanding charges and indictments against him, for the suspended sentence did not amount to a prior conviction of a crime.

APPEAL by the petitioner, Harry E. Lewis, as district attorney of Kings county, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 2d day of June, 1916, denying his motion for a peremptory writ of mandamus.

The respondent Bassi, upon December 15, 1902, had been convicted, upon his plea of guilty, of burglary in the third degree, and sentence was suspended. Subsequently, upon June 11, 1914, he was again convicted, upon his plea of guilty, of criminally receiving stolen property, and was sentenced to a definite term of three years in the Sing Sing State prison.

Upon November 30, 1915, Bassi made application to be paroled under article 8 of the Prison Law (Consol. Laws, chap. 43 [Laws of 1909, chap. 47] as amd.). Upon December 15, 1915, he was paroled in the custody of the agent and warden

of Sing Sing prison to be held by him to answer certain out-
standing charges and indictments against him in Kings county.

The former district attorney of Kings county made a motion
for a peremptory writ of mandamus to compel the Board of
Parole for State Prisons to rescind the parole granted as above
mentioned. This motion was denied by an order of the Su-
preme Court, made at the Westchester Special Term, and
entered in the office of the clerk of the county of Westchester
on the 23d day of December, 1915. This order was affirmed,
without opinion, by the Appellate Division of the Supreme
Court in the Second Judicial Department on January 28,
1916. (People ex rel. Cropsey v. Townsend, 172 App. Div.
930.) It was subsequently affirmed by the Court of Appeals,
upon the ground that Bassi, the paroled prisoner, was a neces-
sary party to the proceeding, and that the failure to make him
a party left the court unable to determine the validity of the
parole. The order was affirmed without prejudice to the re-
newal of the application when the proper parties were before
the court. (218 N. Y. 615.)

The present appellant, Lewis, succeeded the former appel-
lant, Cropsey, as district attorney of Kings county. The pres-
ent proceeding was brought pursuant to the leave given by the
Court of Appeals.

*Harry E. Lewis,* appellant, in person.

*Egbert E. Woodbury, Attorney-General,* for the respondents.

Order affirmed, with ten dollars costs and disbursements,
upon the authority of People v. Fabian (192 N. Y. 443);
People ex rel. Tomkins v. Riley (161 App. Div. 883), and
People ex rel. Cropsey v. Townsend (172 id. 930), decided
January 28, 1916.

JENKS, P. J., CARR, STAPLETON, MILLS and RICH, JJ.,
concurred.